10-1544-ag
Chen v. Holder

BIA
Weisel, IJ
A079 630 182

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT:
>        JOHN M. WALKER, JR.,
>        PIERRE N. LEVAL,
>        ROSEMARY S. POOLER,
>            *Circuit Judges.*

_____

GUO YING CHEN,
>        *Petitioner,*

>        v.                                          10-1544-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Guo Ying Chen, a native and citizen of the People's Republic of China, seeks review of an April 13, 2010, decision of the BIA, affirming the January 7, 2009, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Ying Chen*, No. A079 630 182 (B.I.A. Apr. 13, 2010), *aff'g* No. A079 630 182 (Immig. Ct. N.Y. City Jan. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

In denying Chen's asylum application on the basis that she had not proven that she suffered past persecution, the BIA relied on three alternative rationales, finding that Chen failed to: (1) establish that her symptoms were caused by the intra-uterine

-2-

device ("IUD") she was required to use; (2) demonstrate aggravating circumstances sufficient to establish persecution; and (3) establish a nexus between any aggravating circumstances she suffered and a protected ground. Because each of these decisions was tainted by error, remand is required for the BIA to reconsider whether Chen is entitled to relief.

First, the BIA erred by stating that the IJ had found "that [Chen] did not establish that her dizziness and other symptoms were caused by the IUD[.]" As Chen correctly points out, the IJ actually found that "[Chen] did establish that the [IUD] may have caused these symptoms" (emphasis added). Because the BIA misread the IJ's factual findings, remand is required for it to reassess Chen's asylum claim if there is no independent basis for affirming the IJ's decision. *Xiao Kui Lin v. Mukasey,* 553 F.3d 217, 223-24 (2d Cir. 2009).

The BIA further found that Chen was not entitled to asylum because: (1) the harm she suffered could not be considered aggravating circumstances to establish persecution; and (2) she failed to establish a nexus between any aggravating circumstances she suffered and a protected ground. In light of *Mei Fun Wong v. Holder*, --- F.3d ----, No. 08-5328-ag, 2011 WL 293762 (2d Cir. Feb. 1, 2011), these findings are insufficient and remand is required.

-3-

As an initial matter, Chen argues that she is entitled to asylum because the required insertion of an IUD is, *per se*, the equivalent of forced sterilization. We have previously rejected this argument. *See Mei Fun Wong*, 2011 WL 293762, at *6 ("[T]he BIA's conclusion that involuntary IUD insertion did not constitute involuntary sterilization was reasonable. . . ."); *Xia Fan Huang v. Holder*, 591 F.3d 124, 128-30 (2d Cir. 2010).

Chen's next argument, however, that the BIA erred in finding that she did not establish aggravating circumstances or a nexus to a protected ground, warrants remand to the BIA in light of *Mei Fun Wong*. Chen argues that she suffered from aggravating circumstances in that family planning officials destroyed property in her home, detained her mother for three days, and did not use anesthesia during the IUD insertion. Because Chen, like the petitioner in *Mei Fun Wong*, alleged that a cumulative series of harms constituted aggravating circumstances, "we cannot review the Board's decision that [her mistreatment did not constitute aggravating circumstances] without a clearer understanding of how [the BIA] weighed the [IUD insertion] itself consistent with its obligation to consider all alleged harms cumulatively." *Mei Fun Wong*, 2011 WL 293762, at *11.

Likewise, remand is required for the BIA to determine whether Chen can establish a nexus between the harm she suffered and a

protected ground. Although the BIA found that Chen "d[id] not contend that the IUD was inserted in response to any resistance to China's family planning policy," Chen argued before the BIA that family planning officials destroyed property in her home and detained her mother. As we have now directed the BIA to "clarify whether aggravating circumstances designed to compel submission – *e.g.*, detention, threats, fines, use of force, etc., – can not only elevate a routine practice to the level of persecution, but can also demonstrate the requisite nexus between that persecution and an applicant's opposition to the state's population control policy[,]" *Mei Fun Wong*, 2011 WL 293762, at *14, remand is required for the BIA to re-evaluate its adverse nexus determination in this case as well.

For the foregoing reasons, the petition for review is GRANTED, the order of removal is VACATED, and the case is REMANDED to the BIA for proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-5-